* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * * RULINGS ON EVIDENTIARY MATTERS *Page 2 
At the hearing before the Full Commission, defendants indicated that they sent proof of workers' compensation insurance coverage to Assistant Attorney General Curtner on April 27, 2007. The Commission hereby receives into evidence the letter and attachments regarding defendant-employer's coverage from November 8, 2002 until March 23, 2005.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Defendants stipulated at the Deputy Commissioner's hearing that they did not have workers' compensation insurance.
2. The following were marked and received into evidence at the Deputy Commissioner's hearing as:
 a. Plaintiff's Exhibit No. 1 — Program from summer musical.
 b. Plaintiff's Exhibit No. 2 — I.C. forms and consent order.
 c. Defendants' Exhibit No. 1 — Letter from Ms. McDonald.
 d. Defendants' Exhibit No. 2 — Letter and check to plaintiff.
 e. Defendants' Exhibit No. 3 — Copy of check.
 f. Defendants' Exhibit No. 4 — Email from Chuck Drury.
 g. Defendants' Exhibit No. 5 — Criminal complaint/affidavit against W. McDonald.
 h. Defendants' Exhibit No. 6 — Criminal complaint/affidavit against J. McDonald.
 i. Defendants' Exhibit No. 7 — High Point Regional admission record. *Page 3 
 j. Defendants' Exhibit No. 8 — High Point Regional emergency department record.
 k. Defendants' Exhibit No. 9 — Copy of check dated 6/24/2005.
 l. Defendants' Exhibit No. 10 — July 7, 2005 letter to Alton Cox from Ms. McDonald.
 m. Defendants' Exhibit No. 11 — July 8, 2005 letter to Alton Cox from Ms. McDonald with copy of payroll stub and check.
 n. Defendants' Exhibit No. 12 — Photograph.
 o. Defendants' Exhibit No. 13 — Photograph.
 p. Defendants' Exhibit No. 14 — Photograph.
 q. Defendants' Exhibit No. 15 — ESC records.
 r. Defendants' Exhibit No. 16 — Misdemeanor criminal summons.
 s. State's Exhibit No. 1 — ESC records.
 t. State's Exhibit No. 2 — Secretary of State records.
3. The issues before the Full Commission are what the employment relationship was between plaintiff and defendant-employer on June 27, 2005, whether plaintiff's June 27, 2005 injury arose out of and in the course of his employment with defendant-employer, whether defendants are entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1, and whether penalties and sanctions should be assessed against defendants. *Page 4 
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 32 years old on the date of the Deputy Commissioner's hearing. Plaintiff worked for defendant-employer as a general manager, director, and performer.
2. Wayne McDonald is president, a director and shareholder and Wendy McDonald is secretary and treasurer of Dinnertainment, Inc.
3. Plaintiff earned $892.31 a week, yielding a compensation rate of $594.90 a week. Defendants did not produce a Form 22 as required by the Act.
4. Employment Security Commission records show that defendant-employer had three or more employees from the third quarter of 2002, which began on August 1, 2002, through the second quarter of 2005, which ended on June 30, 2005. Additionally, Ms. McDonald testified that defendant-employer ceased operations at the end of the second quarter of 2005. Thus, the Commission finds that defendant-employer had three or more employees and was subject to the Act from August 1, 2002 through June 30, 2005.
5. Wendy McDonald alleges that plaintiff quit working for defendant-employer on June 24, 2005 during a phone conversation. Plaintiff testified that he called Ms. McDonald because he was very upset when he received only half of his salary in his paycheck, but that he did not quit his job. Plaintiff returned to work on the weekend and began preparing the stage on Sunday. He did remove some personal items from his office that day.
6. Alton Cox also worked for defendant-employer and testified that he was in his office on June 27, 2005 talking on the phone with Ms. McDonald. He stated that plaintiff was in *Page 5 
plaintiff's office working on the next production. The Commission finds that plaintiff did not resign and was not terminated prior to June 27, 2005.
7. On June 27, 2005, Wayne McDonald and his son Jason McDonald confronted plaintiff in plaintiff's office about a report that items had been removed from defendant-employer's premise. Plaintiff was attacked in his office by Jason McDonald, a former co-worker, while Wayne McDonald stood nearby.
8. On June 27, 2005, plaintiff suffered an injury by accident when he was attacked and suffered injuries to his head and back. Plaintiff initially went to the High Point Regional Hospital emergency room, but because they did not have neurosurgical coverage in place at that time, he was transferred to Forsyth Medical Center.
9. Dr. William Bell treated plaintiff on June 27, 2005 at the Forsyth Medical Center emergency room and had a follow-up appointment with plaintiff on July 12, 2005. A CT scan showed a traumatic subarachnoid hemorrhage. Dr. Bell gave plaintiff Lorcet Plus for pain, Flexeril for a muscle relaxant, and a note to stay out of work for two weeks.
10. Defendants have not paid for any of plaintiff's medical bills or lost wages. Plaintiff was written out of work for two weeks and provided no competent evidence that he was disabled from work thereafter. The Commission finds that plaintiff's treatment at his initial visit to High Point Regional Hospital emergency room, the visit to Forsyth Medical Center, and the treatment he received from Dr. Bell at Neurosurgical Associates of the Carolinas were reasonably related to plaintiff's compensable injury by accident. No medical bills were received into evidence.
11. Documentation shows that defendant-employer had workers' compensation insurance with The Hartford from November 8, 2002 until March 23, 2005, when insurance was *Page 6 
canceled for non-payment of premiums. However, the evidence of record does not show that defendant-employer had workers' compensation coverage from March 23, 2005 through June 30, 2005, defendant-employer's last day of business. Therefore, the Commission finds that defendant-employer was subject to the Act and did not have workers' compensation insurance for a period of 99 days.
12. Wendy McDonald was involved in the day-to-day operations of the corporation and was responsible for the maintenance of the workers' compensation insurance.
13. There is no evidence that Wayne McDonald participated in the day-to-day operations of the corporation or was responsible for obtaining workers' compensation insurance.
14. Plaintiff's initially filed his claim against McDonald Development, Inc.; however, plaintiff promptly dismissed the claim once evidence was presented that plaintiff was never an employee of McDonald Development, Inc. Additionally, Ms. McDonald testified that McDonald Development, Inc. and defendant-employer were intertwined. Thus, the Commission finds that plaintiff's filing his claim against the wrong entity was a reasonable mistake and that plaintiff has not prosecuted this action without reasonable grounds.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. An employment relationship existed between plaintiff and defendant-employer on June 27, 2005. Defendant-employer regularly employed three or more employees at the time of the accident. The parties are subject to the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2. *Page 7 
2. On June 27, 2005, plaintiff sustained a compensable injury by accident to his back and head arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2.
3. Plaintiff's average weekly wage was $892.31 a week, yielding a compensation rate of $594.90 a week. N.C. Gen. Stat. § 97-2.
4. Plaintiff is entitled to have defendants pay for the medical expenses incurred by plaintiff as a result of his compensable injury, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability, including treatment received during plaintiff's initial visit to High Point Regional Hospital emergency room, the visit to Forsyth Medical Center, and the treatment received from Dr. William Bell. N.C. Gen. Stat. §§ 97-25, 97-25.1.
5. In order to meet the burden of proving continuing disability, plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. ApexCabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. Demery v.Perdue Farms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001);Russell v. Lowes Product Distribution, *Page 8 108 N.C. App. 762,425 S.E.2d 454 (1993). When a plaintiff meets his burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v. Perdue Farms, Inc.,supra.
6. In the present case, plaintiff was written out of work for two weeks from June 27, 2005 through July 11, 2005. However, plaintiff did not meet his burden to prove that after July 11, 2005 he was unable to obtain employment after a reasonable effort or that it was futile for him to seek employment because of other factors. He was capable of some work and no doctor took him out of work. N.C. Gen. Stat. § 97-29;Russell v. Lowes Product Distribution, supra.
7. As a result of his injury by accident, plaintiff is entitled to have defendants pay temporary total disability benefits at the rate of $594.90 per week from July 5 through July 11, 2005. N.C. Gen. Stat. §§ 97-28; 97-29.
8. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than $50.00 nor more than $100.00 for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
9. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, willfully fails to bring the employer in compliance, shall be guilty of a Class H felony. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, neglects to bring the employer in compliance, shall be guilty of a Class 1 misdemeanor. Any person who violates this subsection may be assessed a civil penalty by the Commission in an amount up to one hundred percent *Page 9 
(100%) of the amount of any compensation due the employers' employees injured during the time the employer failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
10. Defendant-employer was subject to the Act and did not have workers' compensation insurance to cover its employees as required by the Act for a period of 99 days. N.C. Gen. Stat. § 97-93.
11. Wendy McDonald, who was involved in the day-to-day operations of the corporation and was responsible for the maintenance of the workers' compensation insurance, had the ability and authority to bring defendant-employer into compliance with the Act.
12. Plaintiff's filing his claim against the wrong entity was a reasonable mistake. The prosecution of this claim was reasonable and not stubborn, unfounded litigiousness and, therefore, defendants are not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.Sparks v. Mountain Breeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575
(1982).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendants shall pay plaintiff temporary total disability benefits at the rate of $594.90 from July 5 through July 11, 2005.
2. Defendants shall pay for the medical expenses incurred by plaintiff as a result of his compensable injury, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability, including treatment received during plaintiff's initial visit to High Point Regional Hospital *Page 10 
emergency room, the visit to Forsyth Medical Center, and the treatment received from Dr. William Bell.
3. A reasonable attorney fee of 25% of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel.
4. Defendant's counsel shall send a copy of this decision to all of the healthcare providers listed in paragraph 2 of this Award. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from plaintiff. Collection should be directed to Dinnertainment, Inc., c/o Wayne and Wendy McDonald at 301 Arborfield St., Randleman, NC 27317. Failure to comply with this Order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this Order.
5. Pursuant to N.C. Gen. Stat. § 97-94(b), a civil penalty in the amount of $50.00 per day is hereby assessed against defendants for failure to maintain workers' compensation coverage on their employees in North Carolina for 99 days. Defendants shall make a check payable to the North Carolina Industrial Commission in the amount of $4,950.00 and send it to Assistant Attorney General Tracy C. Curtner at the office of the North Carolina Industrial Commission Fraud Section.
6. Pursuant to N.C. Gen. Stat. § 97-94(d), an additional penalty of any amount of 100% of the amount of the compensation due to plaintiff in this matter is assessed against defendant Wendy McDonald, individually, for failing to comply with N.C. Gen. Stat. § 97-93. A check in the amount of $594.90 (TTD-$594.90 + PPD-$0 + Meds-(no bills in evidence) = $594.90) shall be made payable to the North Carolina Industrial Commission and sent directly to *Page 11 
Assistant Attorney General Tracy C. Curtner at the office of the North Carolina Industrial Commission Fraud Section.
7. Should the parties reach a settlement in the above-captioned workers' compensation claim, defendants shall contact Assistant Attorney General Tracy C. Curtner regarding settlement of penalties that have been assessed in this matter.
8. Defendants shall pay the costs.
This 19th day of June, 2008.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1